## TRANSFER OF PRISONER FROM WORK HOUSE TO PENITENTIARY.

Circuit Court of Hamilton County.

WILLIAM HARRINGTON v. FERDINAND BADER, SUPERINTENDENT.

Decided, March 20, 1909.

*Sentence—Interruption in the Running of—Transfer of Prisoner from Work House to Penitentiary—Then Back to the Work House—Habeas Corpus—Sections 5748 and 7404.*

Where it is discovered that one of the prisoners in a work house is an escaped convict from the penitentiary, it is better practice to await the expiration of his work house sentence and then re-arrest and re-commit him to the penitentiary under the provisions of Section 7404; but the transfer of the prisoner from the work house to the custody of the chief of police, as the first step in his return to the penitentiary, will be presumed to have been accomplished by legal process, and upon his return to the work house after completing his term in the penitentiary habeas corpus will not lie for his release, at least until the time his work house sentence would have expired had there been no interruption by transferring him to the penitentiary.

*Thomas H. Darby,* for petitioner.
*John M. Thomas,* contra.

Harrington, the plaintiff in error, a prisoner in the Cincinnati work house, filed a petition in the court of common pleas for a writ of habeas corpus, which having been denied, error was prosecuted thereto.

Harrington was committed to the work house by the police court under sentences which aggregated more than five years. On the day following his commitment he was surrendered by the superintendent of the work house to the chief of police, who turned him over to authorities from the Ohio penitentiary, who claimed he was an escaped convict. He was returned to the penitentiary and three years later, having served out his term in the penitentiary, he was brought back to Cincinnati and again incarcerated in the work house to serve out the interrupted sentence pronounced by the police court.

At the hearing on habeas corpus, it was claimed in Harrington's behalf that the order of release from the work house, under which he was returned to the penitentiary, was equivalent to a discharge from further imprisonment under the said work house commitment, and that the said commitment was ineffectual to justify his recomitment to the work house after said release and discharge therefrom.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

On July 31, 1905, the plaintiff in error was sentenced to the work house of the city of Cincinnati to serve three successive sentences each of six months' imprisonment and fine of $300 with costs for housebreaking.  On August 1, 1905, he was delivered to the chief of police of the city of Cincinnati under the following order:

"STATE OF OHIO, HAMILTON COUNTY, ss.    Police Court of the City of Cincinnati.

"*To the Superintendent of the Work House*:

"'Deliver to Paul M. Millikin, Chief of Police of the City of Cincinnati, the body of Wm. Harrington, now in your custody, charged with housebreaking, committed July 31, 1905, for new trial.

"By order of court.
"Attest: AUG. KIRBERT,
"  (Seal).    *Clerk of the Police Court,*
"By F. G. GOOD, *Deputy.*

"Cincinnati, 8-1, 1905."

Counsel assume that the effect of this order was an unconditional suspension of the sentences which amounted to a final discharge of the prisoner; but there is nothing upon the face of it to indicate that any suspension or modification of the sentences was intended.

The presumption is that the removal of the prisoner from the workhouse into the custody of the chief of police was by legal process, as contemplated by Section 5748, Revised Statutes, and if not, the sentences continued in full force without loss of time by the prisoner.

It appears, however, from other evidence, not the best, that he was delivered to the chief of police for the purpose of being re-

turned to the Ohio penitentiary, whence he had escaped. It is unnecessary to determine whether this delivery was authorized by law on demand of the warden of the penitentiary, because under the several commitments his time would not in any event expire till December 21, 1910.

· The better practice no doubt would be to await the expiration of his term in the work house when the warden could, under Section 7404, Revised Statutes, arrest and recommit him to the penitentiary.

· The prisoner is not now, at least, entitled to a discharge, and the judgment of the common pleas court dismissing his petition and remanding him to the custody of the superintendent of the work house will be affirmed.